UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10001 RCL

| | |
|---|---|
| ARTHUR H. MILLS, ) | Civil Action No.: |
| ) | MAGISTRATE JUDGE _____ |
| Plaintiff, ) | |
| ) | **PLAINTIFF DEMANDS** |
| ) | **TRIAL BY JURY** |
| v. ) | |
| ) | |
| SNAP-ON INCORPORATED, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Arthur H. Mills, is a resident of the town of Ashland, Commonwealth of Massachusetts.

2. The Defendant, Snap-On Incorporated ("Snap-On"), is a Delaware corporation with a principal place of business in Wisconsin. The defendant transacts and conducts business within the Commonwealth of Massachusetts. The Defendant derives substantial revenue from goods sold in Massachusetts. The defendant has been engaged in activities in Massachusetts sufficient to confer jurisdiction pursuant to the Massachusetts long arm statute. Plaintiffs' causes of action arise out of said activities.

3. The amount in controversy in this case, exclusive of interest and costs, exceeds $75,000. There is also complete diversity of citizenship between the Plaintiff and the Defendant. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332.

4. Pursuant to 28 U.S.C. § 1391, venue for this action lies properly in the United States District Court for the District of Massachusetts.

5. The Defendant was at all times relevant hereto engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, sale and/or distribution of air disc sanders, including but not limited to a Snap-On Blue Point hand held air disc sander, Model No. AT425A, Serial No. 52843 ("the subject product").

SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___

6. On or about January 5, 2001, the Plaintiff sustained serious injuries as further alleged herein when the subject product suddenly and without warning exploded into pieces.

7. As further alleged herein, the Plaintiff's injuries were and are the direct and proximate result of the defective and unreasonably dangerous condition of the subject product, the negligence and breaches of warranty of the defendant, and the defendant's deceptive and unfair business practices.

## COUNT I

8. The plaintiff hereby incorporates and adopts paragraphs one through seven above as though fully set forth herein.

9. The defendant was at all times relevant hereto engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, sale and/or distribution of air disc sanders, including the subject product.

10. The injuries sustained by the plaintiff were and are the direct and proximate result of the carelessness and negligence of the defendant as follows:

    a. The defendant negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and/or distributed the subject product;

    b. The defendant negligently failed to warn or instruct, or adequately warn or adequately instruct, the Plaintiff and others of said product's dangerous and defective characteristics;

    c. The defendant negligently disposed of the subject product and placed it in the channels of trade and commerce when it knew, or with reasonable care should have known, said product to be dangerous and defective in nature, design, and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade and commerce when, in the exercise of reasonable care, it ought to have foreseen that said product would probably come into contact with persons such as the Plaintiff who were ignorant of its dangerous and defective nature and condition, and the defendant negligently failed to use reasonable care to prevent injury to such persons, including the Plaintiff.

11. As a direct and proximate result of the negligence of the defendant, Snap-On Incorporated, the Plaintiff sustained severe and permanent injuries. He has suffered great pain of body and mind and will continue to suffer said losses in the future. He has undergone medical and surgical procedures, has incurred medical expenses, has sustained permanent and disfiguring scarring, and was and remains unable to

engage in his usual activities. These losses are continuing in nature, and plaintiff will continue to suffer from said losses in the future.

**WHEREFORE,** the plaintiff, Arthur H. Mills, demands judgment against the defendant, Snap-On Incorporated, together with interest and costs.

## COUNT II

12. The plaintiff hereby incorporates and adopts paragraphs one through eleven above as though fully set forth herein.

13. The defendant expressly and impliedly warranted to the plaintiff and to the general public that the subject product was safe, merchantable and fit for its intended purposes and uses. The defendant breached its warranties because said product was unsafe, not of merchantable quality, and unfit for its intended uses and purposes.

14. Plaintiff relied upon the warranties made by the defendant and plaintiff sustained severe and permanent injuries as a direct and proximate result of the breaches of warranties by defendant. Due notice has been given to the defendant of its breaches of warranty.

15. As a direct and proximate result of the defendant's breaches of warranties, the Plaintiff sustained severe and permanent injuries. He has suffered great pain of body and mind and will continue to suffer said losses in the future. He has undergone medical and surgical procedures, has incurred medical expenses, has sustained permanent and disfiguring scarring, and was and remains unable to engage in his usual activities. These losses are continuing in nature, and plaintiff will continue to suffer from said losses in the future.

**WHEREFORE,** the plaintiff, Arthur H. Mills, demands judgment against the defendant, Snap-On Incorporated, together with interest and costs.

## COUNT III

16. The plaintiff hereby incorporates and adopts paragraphs one through fifteen above as though fully set forth herein.

17. The acts and omissions of the defendant, Snap-On Incorporated constitute unfair and deceptive practices within the meaning of Massachusetts General Laws, Chapter 93A as follows:

    a. The defendant breached warranties in connection with the design, development, manufacture, promotion, marketing, advertising, distribution and/or sale of the subject product;

b. The defendant breached warranties in connection with designing, manufacturing, marketing, selling and/or distributing the subject product, which was defective in that it did not contain warnings and/or instructions, or in that it contained inadequate warnings and/or instructions;

c. The defendant breached warranties by designing, manufacturing, marketing, selling and/or distributing products, including the subject product, which posed a severe hazard to users, including the plaintiff.

18. As a direct and proximate result of the unfair and deceptive practices set forth herein, the Plaintiff sustained severe and permanent injuries.

19. On December 19, 2002, plaintiff made a written demand for relief against the defendant, pursuant to M.G.L. chapter 93A, which is attached hereto as Exhibit "A".

20. The defendant has failed to appropriately respond to Plaintiff's 93A demand within thirty (30) days from plaintiff's mailing said written demand pursuant to Chapter 93A.

21. The defendant's use and/or employment of the unfair and deceptive practices set forth herein were willful and knowing violations of Chapter 93A.

22. The defendant's refusal to grant appropriate relief upon written demand was made in bad faith with knowledge, or reason to know, that the acts and practices complained of violated Chapter 93A.

WHEREFORE, the Plaintiff prays that the court grant the following relief against the defendant, Snap-On Incorporated:

A. Find that the conduct of the defendant was a violation of Chapter 93A;

B. Find that the actions of the defendant were a knowing and/or willful violation of Chapter 93A, and/or that the refusal to grant appropriate relief upon written demand was made in bad faith;

C. Award the Plaintiff treble damages and attorney's fees on his claim.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

The Plaintiff,
By his Attorneys,

*/s/ David Angueira (pk)*
Edward M. Swartz, BBO#489540
David P. Angueira, BBO#019610
SWARTZ & SWARTZ
10 Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: 1/2/04