UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:1:04-CV-10001-RCL

ARTHUR H. MILLS,
    Plaintiff,

v.

SNAP-ON INCORPORATED
    Defendant.

## DEFENDANT SNAP-ON TOOLS COMPANY, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Snap-on Tools Company, LLC ("Snap-on" and/or "defendant"), misidentified as Snap-on Incorporated in plaintiff's Complaint, answers the serially numbered counts and paragraphs of the plaintiff's Complaint as follows:

1. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Admitted that Snap-on is organized as a corporation under the laws of Delaware with a place of business in Wisconsin. Defendant submits to the jurisdiction of this Court, but otherwise denies the allegations in the form alleged.

3. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Snap-on admits that it sold and distributed a certain disc sander at one time known as a

Blue-Point AT425A Air Sander. Defendant sold and distributed a model with serial No. 52843. Otherwise, denied in the form alleged.

6. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; however, any allegations of negligence, breach of warranty, either express or implied, or violation of Mass. Gen. Laws. C. 93A in this paragraph are denied.

7. Denied.

Count I

8. Defendant hereby repeats its answer to paragraphs 1 through 7 as if fully set forth herein.

9. Snap-on admits that it sold and distributed a certain disc sander at one time known as a Blue-Point AT425A Air Sander.

10. Denied.

   a.) Denied.

   b.) Denied.

   c.) Denied.

11. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; any allegations of negligence, breach of warranty, either express or implied, or violation of Mass. Gen. Laws. C. 93A in this paragraph are denied.

The following paragraph appears to be a prayer for relief to which no answer is required.

## Count II

12. Defendant hereby repeats its answer to paragraphs 1 through 11 as if fully set forth herein.

13. Snap-on admits that it sold and distributed certain air disc sanders and that certain implied warranties arose as a matter of law. Otherwise, denied.

14. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; however, any allegations of negligence, breach of warranty, either express or implied, or violation of Mass. Gen. Laws. C. 93A in this paragraph are denied.

15. The defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; however, any allegations of negligence, breach of warranty, either express or implied, or violation of Mass. Gen. Laws. C. 93A in this paragraph are denied.

The following paragraph is a prayer for relief to which no answer is required.

## Count III

16. Defendant hereby repeats its answers to paragraphs 1-15 as if fully set forth herein.

17. Denied.

    a.) Denied.

    b.) Denied.

    c.) Denied.

18. Denied.

19. Admitted that plaintiff made a written demand for relief. Otherwise, denied.

20. Denied.

21. Denied.

22. Denied.

The following paragraph is a prayer for relief to which no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, or his right of recovery is reduced proportionately, by his own negligence.

### Second Affirmative Defense

Plaintiff's injuries and/or damages were caused by others and/or the acts of others, for whose conduct defendant is not responsible.

### Third Affirmative Defense

Plaintiff failed to comply with the prerequisites of Mass. Gen. Laws c. 93A so that any claim under said statute is barred.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the statute of limitations.

### Fifth Affirmative Defense

Even if the subject product was defective, which Snap-on specifically denies, plaintiff's injuries and damages alleged, if any, were caused by a third party's intentional, knowing, and/or negligent misuse of the product.

### Sixth Affirmative Defense

Plaintiff's late notice of any alleged breach of warranty has prejudiced Snap-on, wherefore plaintiff's right to recover is barred.

### DEMAND FOR JURY TRIAL

Defendant Snap-on Tools Company, LLC, misidentified as Snap-on Incorporated, demands a trial by jury on all issues triable by jury.

Defendant,
Snap-on Tools Company, LLC
By its attorneys,

Peter M. Durney, BBO# 139260
Gregg P. Bailey, BBO# 638270
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

5

## CERTIFICATE OF SERVICE

I, Gregg P. Bailey, attorney for the defendant, Snap-on Tools Company, LLC, hereby certify that on the 2nd day of February 2004, a true copy of the foregoing Defendant Snap-on Tool Company, LLC's Answer to the Plaintiff's Complaint and Affirmative Defenses, was served by mail, postage prepaid, directed to:

David P. Angueira, Esq.
Swartz & Swartz
10 Marshall Street
Boston, MA 02108

_____
Gregg P. Bailey